**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Steven Shaw,
Plaintiff(s),
v.
Sunsolar Solutions Inc.,
Defendant(s).

Case No. 2:26-cv-02172-CDS-DJA

**Order**

[Docket No. 17]

Pending before the Court is a stipulation to continue the early neutral evaluation by roughly two months. Docket No. 17. The Court held a hearing on November 18, 2026. Docket No. 19.

"The evaluating magistrate judge has final authority to . . . exempt any case from early neutral evaluation on the judge's own motion. These orders are not appealable." Local Rule 16-6(c). There has been a significant increase in employment cases filed in this District, which "has pushed the early neutral evaluation program to its breaking point." *Torres v. Focus Electric, LLC*, 2026 WL 3381988, at *1 n.1 (D. Nev. Nov. 5, 2026). Against that backdrop, judges have repeatedly advised that their calendars are exceptionally full and have expressed alarm at the prevalence of late requests to continue early neutral evaluations. *Hasanien v. Utility Mapping Servs., P.C.*, 2026 WL 3181249, at *1 (D. Nev. Oct. 23, 2026) (collecting cases). The difficulty in promptly rescheduling an early neutral evaluation session when a late continuance request is filed is not merely a matter of general case management, though those concerns are important,[1] but it also thwarts the purpose of the program to hold an "early" neutral evaluation session. *See* Local Rule 16-6(d) (providing timeframe for early neutral evaluations). The early neutral evaluation order in this case requires that, absent unexpected circumstances, a request to change the early neutral evaluation date must be filed within 14 days of issuance of the order setting it. Docket No. 9 at 1 n.1.

[1] It is not unusual in the undersigned's experience for parties to stipulate to continue the early neutral valuation and then fail to diligently pursue discovery in the interim. *Cf. Hasanien*, 2026 WL 3181249, at *1.

The order setting the early neutral evaluation in this case issued on September 18, 2026, and set the early neutral evaluation session for December 21, 2026. Docket No. 9. As noted above, any request to change that date was due by October 2, 2026. *See id.* at 1 n.1. No such request was filed by that date. Instead, the parties filed the pending stipulation to continue the early neutral evaluation more than a month late on November 11, 2026. *See* Docket No. 17. Based on Plaintiff's counsel's holiday travel plans,[2] the parties ask that the early neutral evaluation be continued until February 2027. Granting the stipualtion would result in an early neutral evaluation being held five months after Defendant's first appearance, Docket No. 8, and just weeks before the discovery cutoff, *see* Docket No. 16. That is not an early neutral evaluation. Moreover and significantly, Plaintiff's counsel acknowledged at the hearing that he knew about this scheduling conflict as of September 21, 2026, but he inexplicably violated the order to seek prompt relief and did not file this request until almost two months later. Given the lateness of this request, it is no longer possible to hold an early neutral evaluation close to the timeframe envisioned by the local rules.

Having failed to file this request in prompt fashion, the Court **DENIES** the stipulation to continue the early neutral evaluation. Moreover, as Plaintiff's counsel represents that both attorneys of record are unavailable for the early neutral evaluation as currently scheduled, the Court **VACATES** the early neutral evaluation. Instead, counsel must engage in meaningful settlement discussions among themselves. The Court **INSTRUCTS** the Clerk's Office to remove the ENE flag from the case and remove the undersigned as the settlement judge on the docket.

IT IS SO ORDERED.

Dated: November 18, 2026

Nancy J. Koppe
United States Magistrate Judge

[2] The stipulation indicates cryptically that counsel will be "out of state for personal matters," Docket No. 17 at 2, but counsel clarified at the hearing that he will be out of town for holiday travel.